Where Safety Glazing laws have made it mandatory that broken glass be replaced by more expensive material, an exception to the Ordinance or Law exclusion will be made. The Homeowners 9000 policy specifically provides this protection under Section I– Conditions. Even when this provision is not included in a policy, by interpretation, the policyholder will be granted this additional protection.

## VII. BACK-UP OF SEWERS AND DRAINS

### A. Policy Language

"Water from outside the plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area;"

### B. Drain Blockage and Back-up

Coverage questions have arisen when a drain or sewer line on an insured premises becomes plugged or blocked for various reasons. Domestic water then fills up behind this blocked drain from within the interior plumbing system. As a result of this blockage, the drain line *fills up* to the point of origin and overflows.

Example: A drain trap underneath a lavatory becomes plugged for some reason and the faucet is accidentally left on which causes the bowl to overflow. This is a *fill-up* situation and coverage should be extended under the peril of accidental discharge, leakage or overflow of water.

For coverage to apply, domestic water from an internal source must *fill up* through the sewer or drain due to blockage of the system.

When a loss does not fall within the above guidelines, make no commitment, but submit a complete report to claim management.

### C. Septic Systems

By Company interpretation, a septic system is considered a part of the dwelling's plumbing system and is a sewer and/or drain. Thus, the coverage, exclusions, and endorsements that apply to sewers and drains also apply to septic systems. However, since septic systems are almost always wholly contained within the residence premises plumbing system, the exclusion for "water or sewer from outside the residence premises plumbing system that enters through sewers or drains..." would not usually apply to a septic system.

The exclusion for loss caused by tree roots still exists. Consequently, damage caused by a septic system that backs up because of the presence of tree roots is not covered by the basic policy. However, the addition of a back-up of sewer and drains endorsement may result in extending coverages. As indicated in OG 75-100, if the back-up of sewer and drains endorsement is added, further coverage analysis is needed.

Z128 1181

Broussard, Norman

D.  Water Damage - Sump Pump Inoperative

If a sump pump is made inoperative and as a result, subsurface water then enters the building through the sump hole and causes damage, such water damage is excluded, regardless of the peril causing damage to the sump pump.

However, damage to the sump pump itself, if caused by a peril not otherwise excluded, will be covered.

E.  Refer to OG 75-20, Water Damage Losses, for additional information, including definitions of terms associated with water damage.

## VIII. POWER INTERRUPTION

A.  General

Most power interruption clauses provide coverage if the loss is caused either directly or indirectly by:

1. A change of temperature
2. which results in power interruption
3. which was caused by a peril insured against.

A question often arises when the only damage is a blown fuse or a thrown circuit breaker.

B.  Claim Position

In each case, the insured must establish that the actual damage was caused by a peril insured against.

A blown fuse is actual damage.

By Company interpretation, even though a thrown circuit breaker is not actual damage per se, coverage will be extended if it is proven that the circuit was broken because of a peril insured against.

## IX. VERMIN AND RODENTS

Loss caused by vermin and rodents is a common exclusion found in many "accidental direct physical loss" policies. The following shall be considered as vermin or rodents for exclusionary purposes:

Flies, lice, bedbugs, termites, mice, rats, rabbits, squirrels, beaver, and weasels.

## X. NAMED PERIL LOSSES NOT INSURED

A.  Crime Coverage

See OG 75-26

B.  Water Damage

See OG 75-20

## XI. CONTAMINATION

A.  Definition of Contamination

"Contamination" is the process of rendering something impure, infected, corrupt, or radioactive, by contact with, or addition of, something. It implies polluting, defiling, soiling or tainting. "Impure" means to mix with a foreign matter or adulterate. "Infect" means to invade an individual, organ, or tissue with a disease producing organism or matter. "Corrupt" involves changing from a sound condition to an unsound one. It can also mean spoiled or rotten.

The reported cases on contamination have generally adopted this definition. The cases indicate that contamination requires three elements: 1) introduction of a foreign element which, 2) by contact, mixture or association, 3) renders the property impure, or unfit for use.

B.  Contamination Under the 9000 Homeowners Policy

The Homeowners 9000 series policy provides that:

> "We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these: i. contamination;."

If the actual loss to covered property is an accidental direct physical loss which is proximately caused by an unexcluded peril, the loss is covered. If the loss is proximately caused by or consists of contamination, the loss is excluded. Proximate cause is defined by the laws of each state; for our purposes, proximate cause means the most important cause.

The "consisting of" language in the paragraph 1. exclusions serves to eliminate the argument that the loss is not caused by contamination, but *is* contamination. The "consisting of" language does not, however, eliminate the need to identify the proximate cause of the loss. If the most important, or proximate, cause is covered, the loss is covered even if the loss "consists" of contamination.

128 1183

Broussard, Norman v. SFFCC

BRON00000189PROD

Example: A fire starts in the basement of a three story house. The fire generates toxic fumes. The toxic fumes permeate the house, rendering the house a total loss. The loss in the basement caused by fire is covered since it is accidental direct physical loss by fire. The loss to the rest of the house, although it consists of contamination, would also be covered since the proximate cause is fire.

Example: A toxic waste dump is located near the insured's home. Toxic waste materials migrate through the soil from the dump and infiltrated the insured's basement, rendering the house uninhabitable. If the loss is proximately caused by or consists of contamination, it is excluded.

C. Losses Not Insured - Paragraph (3) Conduct or Defect

This provision is designed to eliminate those causes in subparagraph A and B (e.g., conduct, design defects) from the coverage analysis. It is necessary to identify the physical peril causing the damage to determine if coverage applies.

It is not necessary in the determination of coverage on a fire loss to examine the conduct of individuals who may be responsible for the fire and resulting damage. To determine if coverage applies, identify the physical causes of damage (i.e., fire) and if that is a covered peril the claim is honored.

If a negligently caused fire, acting as the proximate cause, releases contaminants that damage the structure or personal property, then there is coverage for the damage which occurs.

D. Asbestos

If a claim is made solely for the presence of asbestos materials in a building, the loss would be excluded since the loss "consists of" contamination. The mere presence of asbestos in a building structure also should not be a physical loss. If asbestos is directly released by a covered peril, there may be coverage for the damage caused by the contamination. The subsequent damage due to the release of the contaminant is covered if it is proximately caused by the covered peril.

E. Debris Removal

This coverage requires that we pay reasonable expenses incurred in the removal of covered property when coverage is afforded for the peril causing the loss. If the peril is covered and the debris is made up of covered property, we must pay to remove it even if the debris contains contaminated property. If the contamination increases the expense of removing the debris, we must pay the higher cost since the proximate cause is a covered peril.

If the contaminated debris is not made up of covered property, or is not due to a covered peril, we would not owe for the removal.

Z128 1184

Example: A fire destroys a house containing asbestos material. The presence of asbestos causes the removal cost to be $6000 when otherwise it would only cost $2500. We owe the reasonable expense to remove debris made up of covered property and caused by covered peril. The reasonable cost of removing contaminated debris is $6000. We owe the full $6000, assuming this is within policy limits. The ordinance or law exclusion may or may not apply depending on the specific facts of each case.

Example: An insured is remodeling her kitchen and leaves a pile of debris containing asbestos in her yard. The local environmental protection agency requires that she remove the debris, and this cost $6000. This is not a covered loss. The loss consists of contamination and is excluded under the policy. This loss is also excluded by the ordinance or law exclusion.

F. Repairs

If contamination occurs as a result of the repair process after a covered loss, would the loss due to contamination be covered? Contamination damage due to negligent repairs after a covered loss would be a separate occurrence, and would be excluded. The loss is not proximately caused by the covered peril but is proximately caused by contamination.

If the contamination is the unavoidable result of a necessary and proper procedure required to repair covered damage, loss due to contamination would be proximately caused by the covered peril and would be covered.

Example: While performing repairs after a fire, a contractor uses an improper solvent and contaminates the insured's entire home. This is excluded since it is proximately caused by contamination.

G. Radon

Radon is a radioactive, gaseous, chemical element formed by the atomic disintegration of radium. It comes from the natural decay of radium in the ground. It is harmless outdoors, but indoors it can accumulate and become dangerous.

A claim for loss due to radon gas should be excluded under the contamination exclusion in the Homeowners policy. There is also the "nuclear hazard" exclusion which specifically excludes "radioactive contamination...however caused."

Radon contamination is also not physical loss under the insuring agreement, since the house is not physically damaged or rendered radioactive by radon.

WHEN A LOSS DOES NOT FALL WITHIN THE ABOVE GUIDELINES, A CLAIM COMMITTEE MUST BE PREPARED ON AN ADVISORY BASIS.

Z128 1185

OG 75-104, Claim Interpretations - Losses Not Insured Homeowners 9000 Series and Co.. Page 12 of 12

## XII. CLAIMS FROM FREEZING, ICE, AND SNOW

See OG 75-100

Top of Page

*For internal use only.*
*Nothing contained in this site shall be disclosed outside State Farm® unless proper authorization is obtained.*

Z128 1186

Broussard, Norman v. S]

BRON000001921