UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL WILLIAMS AND MICHELLE WILLIAMS          PLAINTIFFS

V.                                         CIVIL ACTION NO. 1:06cv55-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY            DEFENDANT

**ORDER**

There are several motions *in limine* pending in this matter. This order addresses two of those filed by Defendant aimed at [40] excluding evidence, testimony, or argument with respect to Mississippi Department of Insurance (MDI) bulletins dealing generally with the adjustment of claims following Hurricane Katrina, and specifically correspondence between the Insurance Department and the Defendant; and [41] precluding testimony or evidence relating to the interpretation of insurance policy provisions or principles of Mississippi law.

Plaintiffs' cause of action at its core is based on an alleged breach of contract. Plaintiffs also assert that they are entitled to punitive and/or extra-contractual damages due to the Defendant's alleged bad faith conduct in handling and denying their claim.

As for [40] the MDI bulletins and correspondence, Plaintiffs merely seek a ruling consistent with this Court's prior orders on a similar motion in *Broussard v. State Farm Fire and Casualty Co.*, Civil Action No. 1:06cv6, and *Tejedor v. State Farm Fire and Casualty Co.*, Civil Action No. 1:05cv679. The underlying basis for [41] excluding evidence concerning the interpretation of policy provisions is that this testimony constitutes a legal conclusion and invades the province of the Court in instructing the jury. Again, in this regard, Plaintiffs rely on *Broussard* and *Tejedor.*

The MDI bulletins and related correspondence are not admissible unless the Defendant responded to them in one manner and acted in another, or unless the Defendant raises reliance on the MDI bulletins for other purposes. For example, when responding to Defendant's [25] Motion for Partial Summary Judgment, Plaintiffs pointed to a Wind/Water Protocol adopted by Defendant shortly following Katrina, and the application of an improper standard to their loss, a standard which is inconsistent with the terms of the policy. These documents, and similar documents prepared or used by the Defendant in adjusting or evaluating the Plaintiffs' claim, may be admissible, assuming the Plaintiffs establish the proper evidentiary predicate.

It is difficult to envision a breach of an insurance contract suit without consideration of the policy provisions or the procedure utilized in handling the claim. *See, e.g., Richards v. Allstate Insurance Co.*, 693 F.2d 502 (5th Cir. 1982); *Eichenseer v. Reserve Life Insurance Co.*,

682 F. Supp. 1355 (N.D. Miss. 1988), *aff'd*, 881 F.2d 1355 (5th Cir. 1989), *vacated on other grounds*, 499 U.S. 914 (1991); *Independent Life & Accident Insurance Co. v. Peavy*, 528 So. 2d 1112 (Miss. 1988); *Standard Life Insurance Company of Indiana v. Veal*, 354 So. 2d 239 (Miss. 1977).  This would be the case even if punitive or extra-contractual damages were not sought.

This Court agrees that independent expert testimony concerning the interpretation of policy provisions is not appropriate.  The interpretation of policy provisions is an issue of law and is within the province of the Court, not the jury.  However, the Plaintiffs will be allowed to introduce evidence concerning the manner in which Defendant handled their claim (keeping in mind that the Court will instruct the jury on the applicable law), whether that relates to the policy provisions or the procedure adopted by Defendant in applying them (and what was done and not done in seeking guidance in that process).

Accordingly, **IT IS ORDERED**:

Defendant's Motions [40] and [41] *in limine* are **GRANTED IN PART** and **DENIED IN PART**, consistent with the above comments .  MDI bulletins and related correspondence will be excluded unless Defendant acted inconsistently with respect to their responses or unless the Defendant raises reliance on the bulletins or other matters associated with the MDI; expert testimony concerning the proper interpretation of policy provisions will be excluded.

**SO ORDERED** this the 14th day of February, 2007.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge