UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL WILLIAMS AND MICHELLE WILLIAMS                          PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:06cv55-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                             DEFENDANT

### ORDER

This Court entered a separate order on two of Defendant's motions *in limine* which are docketed at [40] and [41].  This order addresses those others filed by Defendant dealing with [39] excluding evidence of or references to any grand jury or government investigation relating to Defendant's response to Hurricane Katrina; [43] precluding the mention of or introduction of evidence concerning motions to change venue filed by Defendant in this or any other cause of action; [45] bifurcation of trial proceedings; [46] excluding evidence of any of Defendant's out-of-state conduct; and [47] precluding evidence of or reference to claims for punitive or extra-contractual damages prior to a finding of liability.  Plaintiffs responded to all of these motions.

Taking these motions in no particular order, Plaintiffs do not object to bifurcation of trial with respect to the coverage claim, on the one hand, and the punitive/extra-contractual damages, on the other.  They request only that they be allowed to address punitive damages in *voir dire*, which is reasonable.  If the jury is given a punitive damages instruction, all counsel will be able to make a separate statement on that issue.

With respect to the motion to preclude evidence of or reference to claims for punitive or extra-contractual damages, Plaintiffs seek a ruling consistent with those made in *Broussard v. State Farm Fire and Casualty Co.*, Civil Action No. 1:06cv6, and *Tejedor v. State Farm Fire and Casualty Co.*, Civil Action No. 1:05cv579, and similar to their position as to bifurcation: that allowance be made for this topic to be mentioned in *voir dire*.  This is likewise a reasonable request.  Plaintiffs also do not object to the exclusion of evidence of Defendant's out-of-state conduct; to being precluded from mentioning or introducing evidence of motions for change of venue filed by Defendant; or to the exclusion of evidence of or reference to any grand jury or government investigation involving Defendant.

Accordingly, **IT IS ORDERED**:

Defendant's Motions [39], [43], [45], [46], and [47] *in limine* are **GRANTED IN PART** and **DENIED IN PART**, consistent with the above comments.  Plaintiffs may not refer to or introduce evidence regarding any grand jury or government investigation involving Defendant; may not mention or introduce evidence of motions for change of venue filed by Defendant in this

or any other cause of action; and may not introduce evidence or refer to Defendant's out-of-state conduct.  Plaintiffs will be allowed to address the issue of punitive/extra-contractual damages in *voir dire* subject to further direction from the Court.  The underlying coverage/contractual claim and the entitlement to punitive/extra-contractual damages will be determined in a bifurcated proceeding, with counsel being allowed to make statements at the beginning of each phase.

       For docket control purposes, Defendant's [44] Motion to Strike the Document docketed at [42] is **GRANTED**, and document [42] is hereby **TERMINATED** and considered stricken from the record.

       **SO ORDERED** this the 14th day of February, 2007.

s/ L. T. Senter, Jr.

L. T. Senter, Jr.
Senior Judge