UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL WILLIAMS and MICHELLE WILLIAMS**                      **PLAINTIFFS**

**V.**                            **CIVIL ACTION NO.1:06CV55 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

       The Court has before it the motion [63] of State Farm Fire and Casualty Company (State Farm) to disqualify one of my law clerks, Jerry Read (Read), from further participation in this case and from further participation in any Katrina case in which State Farm is a defendant.  As grounds for this motion, State Farm asserts that Read's having filed suit against his property insurer, Allstate Insurance Company (Allstate), for property damage he, Read, sustained in Hurricane Katrina reasonably brings into question his, Read's, ability to discharge his duties as a law clerk in the context of Katrina litigation.

       Read's lawsuit against Allstate was resolved by compromise settlement and dismissed with prejudice on January 17, 2007.  From the time the controversy between Read and Allstate arose, I have taken the steps necessary to assure that cases involving Allstate were assigned to my other law clerk.  Since the time Read's case against Allstate was resolved, I have considered relaxing this restriction, but I have not yet done so.  I imposed a similar restriction with respect to cases in which Lloyds London Underwriters (Lloyds) were involved because Read's excess flood policy was issued by Lloyds.  This restriction is still in effect.

       I am satisfied that Read's experience in sustaining property damage during Hurricane Katrina and in resolving his litigation with Allstate has not deprived Read of the ability to discharge his duties as a law clerk in connection with other Katrina insurance cases in which neither Allstate nor Lloyds is a defendant.  Mr. Read has assured me that he has no insurance coverage with State Farm or with Nationwide, the two other major insurers involved in this litigation.  In the absence of the insurer-policyholder relationship, I do not believe that Read's impartiality is in any way impaired or compromised.

       Accordingly, the motion [63] to disqualify Jerry Read from further participation in this matter in the role of law clerk is hereby **DENIED**.

**SO ORDERED** this 23rd day of February, 2007.

/s/ L. T. Senter, Jr.
L. T. Senter, Jr.
Senior Judge